In the Matter of DENIS DILLON, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents.

Third Department; December 28, 1989

APPEARANCES OF COUNSEL

*Denis Dillon, District Attorney (George Freed* and *Bruce E. Whitney* of counsel), appellant *pro se.*

*Robert Abrams, Attorney-General (Patrick Barnett-Mulligan* and *Nancy A. Spiegel* of counsel), for Thomas A. Coughlin, III, respondent.

*Axelrod, Cornachio & Famighetti (Joseph P. Famighetti* of counsel), for Kevin Flaherty, respondent.

## OPINION OF THE COURT

Levine, J.

In 1987, the Legislature added article 26-A to the Correction Law to create a "Shock Incarceration Program" (Correction Law §§ 865-867, as added by L 1987, ch 261, § 15). The Shock Incarceration Program (hereinafter program) is an intensive rehabilitation modality wherein eligible State prison inmates who are accepted into the program undergo a six-month regimen of "rigorous physical activity, intensive regimentation and discipline and rehabilitation therapy and programming" (Correction Law § 865 [2]). Upon successful completion of the program, the inmate becomes eligible to receive a certificate of earned eligibility (Correction Law § 867 [4]). This entitles the inmate to apply for parole prior to the minimum parole eligibility date established under his sentence (Correction Law § 805).

"Eligible inmate", under the legislation creating this program, is defined as an inmate serving an indeterminate term of imprisonment who is under 26 years of age, who is eligible for parole within three years, has not previously been convicted of a felony upon which an indeterminate term of imprisonment had been imposed and who was between the ages of 16 and 26 when the crime was committed (Correction Law § 865 [1]). As originally enacted, the definition of eligible inmate further provided that "no person who is convicted" of certain specified offenses, including various categories of homicide, rape, sodomy and escape, "shall be deemed eligible to participate in this program" (§ 865 [1]). In 1988, that definition was amended to add to the offenses barring eligibility the crimes of vehicular manslaughter in the first and second degrees (Correction Law § 865 [1], as amended by L 1988, ch 636, § 1, eff Sept. 1, 1988).

In May 1988, respondent Kevin Flaherty was convicted in

Nassau County upon his guilty plea to the crime of vehicular manslaughter in the second degree and received a sentence of 2⅓ to 7 years' imprisonment. The following August, he was found eligible, was accepted and actually began participation in the program.

Flaherty completed the program and was scheduled to be released on parole February 16, 1989. However, before the release date, petitioner, the District Attorney of Nassau County, brought on this application pursuant to CPLR article 78 to prohibit respondent Commissioner of Correctional Services from releasing him. The petition essentially alleges that Flaherty was barred from completing the program upon the September 1, 1988 effective date of the amendment of Correction Law § 865 (1) excluding inmates from eligibility who were imprisoned for vehicular manslaughter. The Commissioner opposed the petition on the ground, *inter alia,* that eligibility under Correction Law § 865 (1) is to be determined at the time of an inmate's acceptance into the program and that the 1988 amendment should not be applied retroactively to remove an inmate from participation after such acceptance. Supreme Court agreed with the Commissioner's position and dismissed the petition (143 Misc 2d 207). This appeal by petitioner followed.

In arguing for reversal, petitioner relies entirely upon the sentence in Correction Law § 865 (1) that "no person who [was] convicted * * * of any of [enumerated crimes] shall be deemed *eligible to participate* in this program" (emphasis supplied). Petitioner claims that to participate, according to the plain meaning of that term, is to take part in a continuous course of action, in this case the rehabilitative activities of the program. Therefore, petitioner urges, the literal meaning of the statute dictates that the 1988 amendment to Correction Law § 865 (1), adding vehicular manslaughter to the list of disqualifying crimes, effectively excluded Flaherty from continuing to take part in the program and for that reason he should not have been permitted to complete the program after the effective date of the amendment.

We disagree with petitioner's assertion that the clear and unambiguous meaning of the statutory language mandated Flaherty's removal from the program. Although in isolation the quoted provision is subject to petitioner's interpretation, its meaning is best apprehended in the context of the entire statutory scheme. Here, the phrase relied upon by petitioner was not set forth as a separate, substantive disqualifying

provision of the statute, but was included as a part of the definition of an *eligible inmate* (Correction Law § 865 [1]). Other provisions of the statute clearly imply that eligibility to participate in the program is to be determined on the basis of an inmate's meeting the criteria of eligibility upon his application and acceptance into the program. The program itself is defined as "a program pursuant to which *eligible inmates are selected * * * to participate * * ** and serve a period of six months in a shock incarceration facility" (Correction Law § 865 [2] [emphasis supplied]). And in setting forth the procedure for selection of participants in the program, Correction Law § 867 (1) provides that "[a]n *eligible inmate may make an application* to the shock incarceration screening committee" (emphasis supplied). These sections thus strongly suggest that both the qualifying and disqualifying conditions for participation in the program contained in the definition of eligible inmate are intended to be applied in the screening process to determine whether an inmate should be accepted in the program. Moreover, the fact that the last quoted sections are the only two provisions in Correction Law article 26-A in which the definition of eligible inmate is employed also supports the conclusion that statutory eligibility in all of its aspects is to be determined before acceptance into the program rather than applied as a condition for continued participation once accepted.

It follows from the foregoing that the Commissioner's application of Correction Law § 865 (1) in the instant case, that once Flaherty was properly found eligible for participation and was accepted in the program a subsequently enacted disqualifying amendment did not affect his eligibility, was rational and consistent with the statutory language as a whole and we agree with it.

MAHONEY, P. J., WEISS, MIKOLL and MERCURE, JJ., concur.

Judgment affirmed, without costs.